IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff / Respondent,     )
                                )
        v.                      )         Case No. 06-3278-JWL
                                )         Case No. 02-20060-01-JWL
JAMES RICCARDI,                 )
                                )
            Defendant / Petitioner.     )
                                )
_____)

## MEMORANDUM AND ORDER

James Riccardi, acting pro se, has filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255, based on allegations that he received ineffective assistance of counsel during plea negotiations and during sentencing (Doc. # 180). Mr. Riccardi has also filed a motion for leave to amend his petition to add an additional claim (Doc. # 194). For the reasons set forth herein, Mr. Riccardi's section 2255 petition is denied. In addition, the motion to amend is denied as untimely, and the additional claim set forth in the motion is transferred to the Tenth Circuit Court of Appeals as an unauthorized second or successive petition under section 2255.

## I.   Background

On January 23, 2003, Mr. Riccardi was convicted by a jury of the following crimes: two counts (Counts I and II) of possession of child pornography, in violation of

18 U.S.C. § 2252(a)(4)(B); and two counts (Counts III and V) of use of an instrumentality of interstate commerce to entice a minor to engage in a prohibited sex act, in violation of 18 U.S.C. § 2242(b).  On April 17, 2003, this Court sentenced Mr. Riccardi to a total term of imprisonment of 262 months, based on a total offense level of 37 and a sentencing range of 210 to 262 months under the applicable sentencing guidelines.[1]  On April 19, 2005, the Tenth Circuit affirmed Mr. Riccardi's convictions and sentence.  *See United States v. Riccardi*, 405 F.3d 852 (10th Cir. 2005).  The United States Supreme Court denied Mr. Riccardi's petition for certiorari on October 3, 2005, *see* 126 S. Ct. 299 (2005), and denied Mr. Riccardi's petition for rehearing on December 12, 2005, *see* 236 S. Ct. 825 (2005).

## II.   Analysis of Section 2255 Petition

### A.   Claim of Ineffective Assistance During Plea Negotiations

Mr. Riccardi first alleges in his petition that his sentence should be vacated based on ineffective assistance of counsel during plea negotiations.  Specifically, Mr. Riccardi

---

[1]The offense level of 37 was derived as follows:  The Court first applied an offense level of 27 on Count II on the basis that Mr. Riccardi had transported minors to produce the photographs illegally possessed.  *See* U.S.S.G. §§ 2G2.4(c)(1), 2G2.1(a). A two-level enhancement was applied based on the fact that the Count II victims' ages were between 12 and 16.  *See id.* § 2G2.1(b)(1)(B).  The offense level was then increased by three points based on the fact that there were three victims of the Count II crime.  *See id.* § 3D1.4.  Finally, the Court applied a five-level enhancement for a pattern of activity involving prohibited sexual conduct.  *See id.* § 4B1.5(b)(1); *see generally Riccardi*, 405 F.3d at 873-74.

alleges that his counsel failed to inform him correctly concerning the actual sentence that he could receive in this case, and failed to advise him concerning whether he should accept a plea agreement with the Government, thereby causing him to stand trial and, ultimately, receive the 262-month sentence.

Such a claim is judged under the familiar two-part test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy that test, the petitioner must show (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for the deficient performance of counsel, the outcome of the proceedings would have been different, thereby constituting prejudice to the petitioner. *See id.* at 488-91. This standard applies specifically to a claim of ineffective assistance during failed plea negotiations. *See United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997). With respect to the first prong of the *Strickland* test, "effective assistance of counsel includes counsel's informed opinion as to what pleas should be entered." *Id.* "As for the prejudice prong, there must be a reasonable probability that but for incompetent counsel a defendant would have accepted the plea offer and pleaded guilty." *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

In support of this claim, Mr. Riccardi has submitted a pretrial letter from his counsel outlining a plea offer from the Government, under which Mr. Riccardi would plead guilty to a single count of possession of child pornography and retain his full rights to appeal adverse pretrial rulings. The letter explained that, as the attorneys had

discussed with Mr. Riccardi, under such an agreement the sentencing guidelines "could place [Mr. Riccardi's] sentence at anywhere from 18 to 46 months imprisonment," with the possibility of an upward departure by the Court that could cause the sentence to exceed 46 months.  The letter concluded as follows:

> After numerous conversations, you have indicated to us that you desire to proceed to trial rather than accept this proposed plea bargain.  As you are aware from our prior discussions, if you proceed to trial and were convicted on all counts, the maximum sentence of imprisonment that you could face is fifteen years.

Mr. Riccardi did in fact reject this plea offer and stand trial.

Mr. Riccardi has also submitted a sentencing memorandum that was prepared by his counsel to inform him of the possible sentence he faced if he stood trial.  Mr. Riccardi argues that the memorandum contains numerous errors and significantly understates his actual exposure, as compared with the actual guidelines sentence that the Court imposed.  The memorandum provided that the Government intended to urge the application of particular guidelines that, with possible enhancements, could yield a total offense level of 33, which would expose Mr. Riccardi to a possible sentencing range of 135 to 168 months.  The memorandum then noted the possibility of a further upward departure from that range.

Finally, Mr. Riccardi alleges that his attorneys did not give him specific advice on whether he should accept the Government's plea offer and the likelihood of his conviction if he stood trial.

The Court concludes that the record in this case and the submissions of the parties

conclusively show that Mr. Riccardi cannot satisfy either prong of the *Strickland* test, and that therefore he is not entitled to relief on this claim.  *See* 28 U.S.C. § 2255 (permitting ruling on petition without hearing).  With respect to the first prong, it cannot be said that the performance of Mr. Riccardi's counsel was deficient as alleged.  First, the sentencing memorandum did not significantly understate Mr. Riccardi's exposure. It is true that the memorandum, in reliance on discussions with the Government, applied a "trafficking" cross-reference to enhance the sentence for Count II, instead of the actual cross-reference ultimately employed by the Court.  Nevertheless, the memorandum advised Mr. Riccardi of a possible total offense level of 33, with an additional possible upward departure.  The actual sentence imposed on Mr. Riccardi resulted from a total offense level of 32 with an additional, unusual five-point enhancement.[2]

"A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."  *United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1997);  *see also Wellmitz v. Page*, 420 F.2d 935, 936 (10th Cir. 1970) (although reckless promise that a specific sentence will follow a guilty plea may be deemed constitutionally ineffective assistance, erroneous prediction of a sentence does not render a plea involuntary).  In this

---

[2]At sentencing, attorneys for both parties stated that they had been unable to find any reported cases discussing the application of U.S.S.G. § 4B1.5(b)(1).  The Court has found only a single, unpublished case, decided six weeks before the sentencing, that contains no real analysis of the guideline.  *See United States v. Jackson*, 57 Fed. Appx. 280 (8th Cir. Mar. 13, 2003).

case, Mr. Riccardi's counsel did not grossly underestimate his possible exposure, and counsel did advise him that he faced a possible sentence far greater that his likely sentence under the plea offer. Accordingly, the performance of Mr. Riccardi's counsel in informing Mr. Riccardi of his possible exposure *vis-a-vis* the plea offer was not constitutionally deficient.[3]

The Court further concludes that Mr. Riccardi's counsel did not breach a duty to advise Mr. Riccardi on whether he should accept the plea. The plea offer letter from Mr. Riccardi's counsel indicated that Mr. Riccardi had chosen to reject the offer after "numerous conversations" with counsel. Moreover, after his sentencing, in a letter to his counsel, Mr. Riccardi wrote as follows:

> I now realize that I've made the biggest mistake of my life by not working out a plea agreement. Both [attorneys] warned me and I have no one to blame but myself.

With respect to this admission, Mr. Riccardi states that he "has always acknowledged that he was told by counsel that proceeding to trial would result in a greater sentence;"

---

[3]This case is easily distinguished from the cases cited by Mr. Riccardi. For instance, in *United States v. Gordon*, 156 F.3d 376 (2d Cir. 1998), the court found that counsel had grossly underestimated the defendant's exposure where counsel had clearly told the defendant that his maximum sentence was 120 months; counsel had advised that in the event of a plea, the sentence would range from 84 to 115 months; and the defendant was ultimately sentenced after trial at the low end of a guidelines range of 210 to 262 months. *See id.* at 377-80. In *United States v. Quiroz*, 228 F. Supp. 2d 1259 (D. Kan. 2002), counsel had informed the defendant of a possible sentence for possession of marijuana, when the defendant was actually charged with possession of cocaine, which carried a much higher sentence under the guidelines. There is no such gross mischaracterization in this case.

6

but he argues that he was never warned "of the true grave consequences", in light of a great disparity between his possible sentence as represented by counsel and his actual exposure. *See* Petitioner James Riccardi's Response to Government's Response (Doc. # 195) at 6.  As noted above, however, there is no such great disparity here.  It is clear that Mr. Riccardi's counsel discussed the proposed plea agreement with him and warned him against standing trial.  Thus, Mr. Riccardi's counsel did not fail to render him any advice concerning the Government's plea offer.

Mr. Riccardi also cannot establish the requisite prejudice under the *Strickland* test.  Mr. Riccardi insists that he would have accepted the Government's plea offer if he had known of the actual sentence that he ultimately faced upon conviction.  That self-serving, conclusory statement is undermined, however, by his failure to offer any explanation as to why he actually rejected the plea offer, particularly in light of the substantial possible sentence set forth in his counsel's sentencing memorandum.  In an affidavit, one of Mr. Riccardi's attorneys states that Mr. Riccardi was only willing to entertain a plea arrangement that did not include any period of imprisonment, and that Mr. Riccardi based his position on his belief that the jury would side with him, by means of jury nullification if necessary.  Mr. Riccardi responds that, while he did ask about the possibility of a plea agreement involving only probation, he never rejected the idea of imprisonment out of hand.  Nevertheless, Mr. Riccardi has not offered any alternative basis for his rejection of the plea offer.  Accordingly, Mr. Riccardi has not explained why his supreme confidence in an acquittal would not have caused him to reject the offer

even with knowledge that he might face a higher sentence than he believed.

Moreover, Mr. Riccardi has not offered any objective evidence of prejudice. A number of courts of appeal have held that a defendant's self-serving testimony that he would have accepted a plea offer is not sufficient to establish the requisite prejudice, and that objective evidence to that effect is required. *See Quiroz*, 228 F. Supp. 2d at 1265 (citing cases). In a number of unpublished opinions, the Tenth Circuit has indicated that it also requires such objective evidence. For instance, the Tenth Circuit has stated:

> A petitioner's own self-serving testimony alone is insufficient to demonstrate a reasonable probability. The petitioner must produce objective evidence that he would have accepted the plea.

*Bachicha v. Shanks*, 66 F.3d 338, 1995 WL 539467, at *1 (10th Cir. Aug. 31, 1995) (citations omitted); *see United States v. Morris*, 106 Fed. App'x 656, 2004 WL 1598792, at *2 (10th Cir. July 19, 2004) ("[The defendant's] subjective and self-serving statements are insufficient to show a reasonable probability that, but for alleged counsel's errors, he would have pled guilty."); *see also Maldonato v. Archuleta*, 61 Fed. App'x 524, 2003 WL 361303, at *2 (10th Cir. Feb. 20, 2003) (in the context of a plea, mere allegation that defendant would have insisted on trial but for counsel's errors, although necessary, is insufficient; court looks to factual circumstances surrounding the plea). Accordingly, this Court applies the same requirement.

In addition to his own statement that he would have accepted the plea offer, Mr. Riccardi points to no objective evidence other than the allegedly great disparity between his actual sentence and his exposure as represented by counsel. *See United States v.*

*Gordon*, 156 F.3d at 381 (2d Cir. 1998) (great disparity can provide necessary objective evidence of prejudice).  As stated above, however, there was no gross disparity here between Mr. Riccardi's actual sentence and the possible maximum sentence set forth in the sentencing memorandum drafted for Mr. Riccardi.  Therefore, Mr. Riccardi has not provided the objective evidence of prejudice necessary to corroborate his own self-serving statement, and Mr. Riccardi cannot satisfy the prejudice prong of *Strickland*.

The Court is mindful that a pro se litigant's pleadings are to be construed liberally.  The Tenth Circuit has explained the rule as follows:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements.  At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (footnote omitted).  A pro se litigant is not relieved of his burden to allege sufficient facts on which a recognized claim may be based.  *See id.*  In this case, Mr. Riccardi, acting pro se, has ably articulated his particular claim and legal theory.  He has not alleged sufficient facts, however, to support his claim for ineffective assistance of counsel.  Mr. Riccardi's petition is denied with respect to his first basis for relief.

B.    Claim of Ineffective Assistance During Sentencing

For the second claim in his section 2255 petition, Mr. Riccardi alleges ineffective assistance of counsel based on his counsel's failure to argue at sentencing that the five-

9

level enhancement applied by the Court pursuant to U.S.S.G. § 4B1.5(b)(1) constituted impermissible double-counting.  That enhancement did not constitute double-counting, however, and Mr. Riccardi therefore cannot satisfy either prong of the *Strickland* test for a claim of ineffective assistance of counsel.

"Impermissible double counting occurs when the same conduct of the defendant is used to support separate increases under different enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes." *United States v. Eaton*, 260 F.3d 1232, 1238 (10th Cir. 2001).  Mr. Riccardi argues that his enhancement under section 4B1.5(b)(1) was based on the same conduct—his involvement of minors in his production of photographs—that supported the cross-reference to a higher offense level for his Count II conviction and his three-point multi-count enhancement.

This argument fails because the enhancement under section 4B1.5 did not depend on that conduct involving his production of photographs.  The enhancement applies if the offense of conviction is a "covered sex crime" and the defendant engaged in a pattern of activity involving prohibited sexual conduct.  *See* U.S.S.G. § 4B1.5(b)(1).   As this Court explained at sentencing, all three requirements for the enhancement may be satisfied by reference to the jury's verdict convicting defendant of Counts III and V:  (1) offenses under 18 U.S.C. § 2422 are "covered sex crimes", *see id.* § 4B1.5 cmt. n.2; (2) those offenses also constitute "prohibited sexual conduct" under this enhancement, *see id.* § 4B1.5 cmt. n.4(A); and (3) either the two occasions or the two minors involved satisfy the requirement of a "pattern of activity", *see id.* § 4B1.5 cmt. n.4(B)(I).

Moreover, in affirming Mr. Riccardi's sentence, the Tench Circuit upheld the application of this enhancement, noting that the verdict itself supported the requirements of section 4B1.5(b)(1).  *See Riccardi*, 405 F.3d at 874 n.9.

Thus, the enhancement of Mr. Riccardi's offense level under section 4B1.5(b)(1) of the sentencing guidelines did not depend upon his conduct in producing child pornography.  The enhancement is distinct from, and does not necessarily overlap with, the cross-reference relating to Mr. Riccardi's Count II conviction and the multi-count enhancement based on the involvement of three victims.  Those latter enhancements are intended to apply to particular circumstances of a defendant's possession of child pornography.  The enhancement under section 4B1.5(b)(1) serves a different purpose relating to a defendant's engaging in a pattern of prohibited sexual conduct.  Thus, there was no impermissible double-counting here.

Accordingly, counsel's failure to object to the enhancement on this basis was not objectively unreasonable, and Mr. Riccardi could not have been prejudiced by the failure at any rate.  Mr. Riccardi's petition is therefore denied with respect to his second basis for relief.


**III.    Motion for Leave to Amend Petition**

On March 12, 2007, Mr. Riccardi filed a motion for leave to amend his petition to include an additional ground for relief.  In the proposed new claim, Mr. Riccardi alleges that, because the victim in Count V was located in Missouri, it was improper for

11

a Kansas statute (K.S.A. § 21-3516) to serve as the offense underlying the charge under
U.S.C. § 2422(b).

Petitions pursuant to section 2255 must be filed within one year after the
petitioner's convictions became final.  *See* 28 U.S.C. § 2255.  Mr. Riccardi did not assert
his new basis for relief under section 2255 until more than one year had passed since the
Supreme Court denied review of his convictions and sentence.  Accordingly, the new
claim is not timely unless the date of its filing relates back to the date of his original
petition pursuant to Fed. R. Civ. P. 15(c).  *See United States v. Espinosa-Saenz*, 235 F.3d
501, 503-05 (10th Cir. 2000).  The Tenth Circuit has held that an otherwise untimely
amendment to a section 2255 petition "which, by way of additional facts, clarifies or
amplifies a claim or theory" in the original petition may relate back under Rule 15(c)
only if the proposed amendment "does not seek to add a new claim or to insert a new
theory into the case."  *Id.* at 505.  Allowing an amendment to add a claim separate and
distinct from the claims asserted in the original petition "would be tantamount to judicial
rescission" of section 2255's one-year limitations period.  *Id.*

As set forth above, Mr. Riccardi's original section 2255 petition included discrete
claims of ineffective assistance of counsel involving a plea offer and a particular
sentencing issue.  In his motion to amend, Mr. Riccardi seeks to add a claim based on
the application of a Kansas statute to support one of the charges against him.  The
proposed claim is clearly separate and distinct from the claims asserted in Mr. Riccardi's
original petition.  Therefore, the filing of the proposed claim does not relate back to the

filing of the original petition under Fed. R. Civ. P. 15(c), and the proposed claim is untimely.  On that basis, the motion for leave to amend is denied.[4]

Because Mr. Riccardi's proposed new claim is untimely, it must be deemed a "second or successive" petition under rule 2255.  Because the Tenth Circuit has not authorized such a petition, *see* 28 U.S.C. § 2255, this Court has no authority to consider the proposed new claim, and the claim is hereby transferred to the Tenth Circuit.  *See Espinosa-Saenz*, 235 F.3d at 503; *Coleman v. United States*, 106 F.3d 339, 340-41 (10th Cir. 1997); *United States v. Bridges*, 189 F. Supp. 2d 1226, 1235 (D. Kan. 2002).

IT IS THEREFORE ORDERED THAT the Mr. Riccardi's petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 180) is denied.

IT IS FURTHER ORDERED THAT Mr. Riccardi's motion for leave to amend his petition (Doc. # 194) is denied, and the proposed claim set forth therein is transferred to the United States Court of Appeals for the Tenth Circuit.  The Clerk of the Court shall

---

[4]The motion could also be denied on the basis that amendment would be futile. *See Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).  In his proposed claim, Mr. Riccardi argues that a Kansas statute could not support his conviction in Count V because the victim was located in Missouri.  The Court disagrees. K.S.A. § 21-3516 prohibits enticing minors to engage in certain sexually explicit conduct.  *See id.* Mr. Riccardi was located in Kansas when he enticed the Count V victim; therefore, Mr. Riccardi's conduct was prohibited by the Kansas statute.  *See Riccardi*, 405 F.3d at 871-72 (upholding the use of K.S.A. § 21-3516 to support Mr. Riccardi's convictions under Counts III and V).

mail the motion for leave to amend and a copy of this order to the United States Court of Appeals for the Tenth Circuit.

IT IS SO ORDERED.

Dated this 16th day of March, 2007, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge