IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                              )<br>                     Plaintiff / Respondent,   )<br>                                                              )<br>v.                                                          )<br>                                                              )<br>JAMES RICCARDI,                                )<br>                                                              )<br>                     Defendant / Petitioner.   )<br>                                                              )<br>_____)  | Case No. 06-3278-JWL<br>Case No. 02-20060-01-JWL |

## **MEMORANDUM AND ORDER**

Petitioner James Riccardi has filed a motion seeking reconsideration, pursuant to Fed. R. Civ. P. 59(e), of the Court's denial of his petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. #199). For the reasons set forth below, Mr. Riccardi's present motion is denied.

### **I.    Background**

After a jury trial, Mr. Riccardi was convicted of various crimes involving child pornography, and he was sentenced to a term of imprisonment of 262 months. After his convictions and sentence were upheld on appeal, *see United States v. Riccardi*, 405 F.3d 852 (10th Cir.), *cert. denied*, 126 S. Ct. 299, *reh'g denied*, 236 S. Ct. 825 (2005), Mr. Riccardi filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. #180). In his petition, Mr. Riccardi alleged that he received ineffective assistance of counsel during plea negotiations, specifically with respect to his counsel's alleged failure to

calculate his possible maximum sentence correctly and his counsel's alleged failure to advise him to accept the government's plea offers. Mr. Riccardi also alleged that he received ineffective assistance of counsel during sentencing, specifically with respect to his counsel's failure to argue that a particular enhancement constituted impermissible double-counting.

On March 16, 2007, the Court issued a Memorandum and Order denying Mr. Riccardi's section 2255 petition. *See United States v. Riccardi*, Nos. 06-3278-JWL, 02-20060-01-JWL, 2007 WL 852360 (D. Kan. Mar. 16, 2007) (Doc. #196). Applying the two-part test mandated by *Strickland v. Washington*, 466 U.S. 668 (1984), the Court held that Mr. Riccardi did not receive ineffective assistance of counsel during plea negotiations. First, the Court concluded that Mr. Riccardi's counsel did not significantly understate Mr. Riccardi's exposure and that counsel's performance in informing Mr. Riccardi of his possible exposure *vis-a-vis* the plea offer was not constitutionally deficient. *See id.* at *2. The Court further concluded that the record showed that counsel had discussed the government's plea offers with Mr. Riccardi and had warned him against standing trial, and that counsel therefore did not breach a duty to advise Mr. Riccardi concerning plea offers. *See id.* at 3.

Second, the Court concluded that Mr. Riccardi could not establish the requisite prejudice because he could provide no objective evidence that he would have accepted the government's plea offers if advised differently. *See id.* at *3-4. In that regard, Mr. Riccardi cited only his own self-serving, subjective statement that he would have

2

accepted the plea and the alleged gross disparity between his actual sentence and his maximum sentence as represented by counsel (which the Court concluded did not exist). *See id.* In particular, the Court noted that Mr. Riccardi had failed to offer any explanation as to why he actually rejected the government's plea offer in light of the substantial possible sentence set forth by his counsel. *See id.* at *3.

The Court also rejected Mr. Riccardi's claim of ineffective assistance of counsel at sentencing. *See id.* at *5. The Court held that because application of the enhancement at issue did not constitute impermissible double-counting, counsel's failure to raise the issue was not unreasonable, and Mr. Riccardi could not have been prejudiced by that failure. *See id.*[1]

## II.   Analysis

Mr. Riccardi now seeks reconsideration of the Court's denial of his petition as it relates to his claim for ineffective assistance during plea negotiations. A motion to reconsider filed within ten days after entry of judgment is considered a motion pursuant to Fed. R. Civ. P. 59(e). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need

---

[1]In its order, the Court also denied Mr. Riccardi's motion for leave to amend his petition to add a new claim for relief; the Court held that the assertion of a new claim constituted an untimely second petition under section 2255, and it transferred the claim to the Tenth Circuit. *See id.* at *6. Mr. Riccardi has not challenged that ruling in the present motion.

to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Mr. Riccardi's motion to reconsider relates only to the Court's denial of the first claim in his section 2255 petition, *i.e.*, the claim of ineffective assistance during plea negotiations. Mr. Riccardi suggests that the Court misapprehended the facts submitted with his petition, and he asserts that manifest injustice would result if the Court did not review the facts and either grant his petition or conduct an evidentiary hearing. The arguments made by Mr. Riccardi in his motion, however, have already been made and addressed by the Court or could have been raised in the prior briefing, and reconsideration is therefore not appropriate here.

Mr. Riccardi first argues that there was in fact objective evidence (other than the alleged disparity between his actual sentence and the exposure represented to him) that he would have accepted the plea offer if better informed, for purposes of satisfying the prejudice prong of the *Strickland* test. In that regard, Mr. Riccardi points to his prior statements that his counsel was overly optimistic regarding his chances for prevailing at trial. This is not a new argument, however, as Mr. Riccardi noted his counsel's alleged optimism in his prior briefs. Moreover, his counsel's optimism does not provide

4

evidence that Mr. Riccardi would have accepted a plea offer if he had understood his true sentence exposure; if Mr. Riccardi relied on such optimism to reject the plea offer despite his counsel's representations that he could face a very long sentence, there is no reason to believe that he would not have similarly relied on such optimism knowing his actual exposure.

Nor does the allegation of his counsel's unfounded optimism alter the Court's conclusion that counsel did not breach any duty to advise Mr. Riccardi on whether he should accept the plea offer. As noted in the Court's prior order, the record showed that counsel discussed the government's plea offers with Mr. Riccardi and warned him against standing trial.

Mr. Riccardi next argues that there was in fact a great disparity between his actual sentence and his exposure as represented by counsel. This issue was directly addressed in the Court's prior order, and Mr. Riccardi has not offered new arguments on the issue. Accordingly, the Court declines to revisit the issue.

Finally, Mr. Riccardi argues that the Court was hampered by a lack of evidence, particularly testimony or affidavits from his lead counsel, the government's attorneys, and Mr. Riccardi's own family members. Mr. Riccardi has not set forth any new facts that should have been considered with the original petition, however. The Court properly ruled on the petition upon the record before it. Mr. Riccardi himself is responsible for any lack of evidence supporting his claims. In particular, Mr. Riccardi cannot be heard to complain that the Court did not hear from his family members, as he

5

was free to submit any such evidence with his petition.[2]

The Court concludes that there is no basis for reconsideration under Rule 59(e) of its prior order denying Mr. Riccardi's section 2255 petition. Accordingly, the Court denies Mr. Riccardi's present motion.

IT IS THEREFORE ORDERED BY THE COURT THAT the Motion to Reconsider Judgment of Denial of Mr. Riccardi's 28 U.S.C. § 2255 Petition Pursuant to 59(e) of Federal Rules of Civil Procedure (Doc. #199) is denied.

IT IS SO ORDERED.

Dated this 24th day of April, 2007, in Kansas City, Kansas.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge

---

[2] Mr. Riccardi states that he and the Court do not know whether his counsel accurately conveyed plea offers and counter-offers between him and the government. Mr. Riccardi has not offered any basis for suspecting that his counsel was deficient in that regard. At any rate, such a claim of deficiency would constitute a new basis for relief not raised in Mr. Riccardi's original petition, and the Court may not address such a claim here.