IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff / Respondent,  )
                                     )
      v.                             )      Case No. 06-3278-JWL
                                     )      Case No. 02-20060-01-JWL
JAMES RICCARDI,                      )
                                     )
            Defendant / Petitioner.  )
                                     )
_____)

## **MEMORANDUM AND ORDER**

On March 16, 2007, this court denied defendant James Riccardi's petition to

vacate his sentence pursuant to 28 U.S.C. § 2255 and, thereafter, denied defendant's

motion for reconsideration of that order.   This matter is now before the court on

defendant's motion for a certificate of appealability (doc. 209).   As will be explained,

the motion is granted in part and denied in part.

A certificate of appealability should issue if the applicant has "made a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the

Circuit has interpreted to require that the petitioner "show that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve encouragement

to proceed further." *Fleming v. Evans*, 481 F.3d 1249, ___ (10th Cir. 2007) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In his petition to vacate, defendant claimed that he received ineffective assistance of counsel during plea negotiations in that his counsel failed to inform him correctly concerning the actual sentence that he could receive and failed to advise him concerning whether he should accept a plea agreement with the United States, thereby causing him to stand trial and, ultimately, receive a sentence that was much longer than the maximum sentence described by his counsel. In analyzing this claim, the court concluded that the record before it and the submissions of the parties conclusively demonstrated that defendant could not satisfy either prong of the *Strickland* test and that defendant was not entitled to a hearing on his claim. In drawing this conclusion, the court thoroughly examined defendant's arguments and evidence and explained in detail the basis for its conclusion. The court remains convinced that its conclusion is correct. Nonetheless, the court recognizes that there is sufficient room for debate among jurists as to whether the record before the court and the submissions of the parties conclusively showed defendant could not satisfy *Strickland* or whether defendant was entitled to a hearing on this claim. For this reason, the court grants defendant a certificate of appealability on that issue.

Defendant also seeks a certificate of appealability with respect to his claim that he received ineffective assistance claim based on counsel's failure to argue at sentencing that the five-level enhancement applied by the court pursuant to USSG § 4B1.5(b)(1) constituted impermissible double-counting. Defendant, however, has not shown that

reasonable jurists could debate whether the claim should be resolved differently.  The court denied that claim on the grounds that the application of the enhancement simply did not constitute double-counting and, accordingly, defendant could not satisfy either prong of the *Strickland* test. The court has thoroughly explained in its prior order why the application of the enhancement did not constitute double-counting and, indeed, the Circuit has affirmed the court's application of the enhancement.  No certificate of appealability is warranted on this issue.

Finally, defendant seeks a certificate of appealability with respect to the court's denial of his motion for leave to amend his petition to include an additional ground for relief.  The court concluded that the proposed claim did not relate back to defendant's initial petition, that it was untimely, and that it was thus appropriately construed as a successive petition such that it must be transferred to the Tenth Circuit.  By way of footnote, the court indicated that the motion could also be denied on the basis that amendment would be futile and briefly explained the futility of the amendment.  In his motion for certificate of appealability, defendant appears to challenge only the court's statements regarding the futility of the amendment and criticizes the court for failing to address more thoroughly the merits of his claim.  To be clear, however, the court did not deny the motion for leave to amend based on the futility of the amendment.  Rather, the court denied the motion on the grounds that the motion was untimely and, thus, the court was required to transfer the claim to the Circuit as a successive petition and was not authorized to address the merits of the claim. Defendant's arguments concerning futility,

then, miss the mark and he has not shown that a certificate of appealability is warranted as to this issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for certificate of appealability (doc. 209) is granted in part and denied in part.  It is granted with respect to the issue of whether defendant is entitled to a hearing on his claim that he received ineffective assistance of counsel during plea negotiations and it is otherwise denied.

**IT IS SO ORDERED**.

Dated this 4th day of June, 2007, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge