# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|                               |     |                      |
|-------------------------------|-----|----------------------|
| UNITED STATES OF AMERICA,     | )   |                      |
|                               | )   |                      |
| Plaintiff,                    | )   |                      |
|                               | )   |                      |
| v.                            | )   | Case No. 02-20060    |
|                               | )   |                      |
| JAMES RICCARDI,               | )   |                      |
|                               | )   |                      |
| Defendant.                    | )   |                      |
|                               | )   |                      |

## MEMORANDUM AND ORDER

James Riccardi was sentenced to 262 months' imprisonment following his conviction for child pornography offenses. His conviction and sentence were affirmed on appeal. *United States v. Riccardi*, 405 F.3d 852 (10th Cir. 2005). He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 180), which this court denied (doc. 196). That denial was affirmed by the Tenth Circuit. *United States v. Riccardi*, No. 07-3115, 2008 WL 4183921 (10th Cir. 2008). Mr. Riccardi has now filed a Motion for Post-Conviction Relief (doc. 224), relying on *United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 1997), and arguing that the Government failed to adequately establish this court's jurisdiction to hear his criminal case.

Mr. Riccardi's motion challenges the legality of his criminal conviction, and is, therefore, appropriately construed as a § 2255 motion. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A prisoner in custody may move to vacate, set aside or correct his

sentence. 28 U.S.C. § 2255(a). A prisoner is also permitted to file a second or successive § 2255 motion pursuant to certain limitations. In order to file a successive § 2255 motion, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2244(b)(3). If a motion constitutes a second or successive petition, the district court may transfer it to the Tenth Circuit if the court "determines it is in the interest of justice to do so." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Mr. Riccardi argues that his motion should not be construed as a second or successive § 2255 petition. Instead, he suggests that perhaps § 2255 is an inadequate remedy, and so the court should evaluate his motion on the merits.

The "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965). The mere fact that a petitioner may be precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate. *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). And a petitioner cannot "avoid the bar against successive § 2255 petitions by simply styling a petition under a different name," *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).

Courts have found § 2255 to be inadequate or ineffective only in extremely limited circumstances. *Caravalho*, 177 F.3d at 1178. For example, courts have found or suggested the § 2255 remedy is inadequate or ineffective in instances where the

sentencing court is abolished at the time petitioner seeks relief, *Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964); where the sentencing court refuses to consider the petition or unreasonably delays its consideration, *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir. 1965); where more than one court has sentenced the petitioner and no single court can afford complete relief, *Cohen v. United States*, 593 F.2d 766, 771 n.12 (6th Cir. 1979); and where the gate keeping language of § 2255 bars retroactive application of a case that does not state a new rule of constitutional law, *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Mr. Riccardi argues that the last example is the one that perhaps applies to his argument. *See, e.g.*, *United States v. Salazar*, No. 04-20013, 2009 WL 2448868 (D. Kan. Aug. 10, 2009). Specifically, Mr. Riccardi contends that the *Schaefer* decision sets out a new rule of statutory interpretation that changed the conduct for which he was convicted. And thus, as in *Salazar*, Mr. Riccardi claims that the court should construe his motion to be whatever vehicle it deems most appropriate.

Mr. Riccardi's reading of *Schaefer* is not entirely accurate, however. *Schaefer* did not reinterpret the statute under which Mr. Riccardi was convicted. Instead, it emphasized the need for sufficient and specific evidence to prove the statute's jurisdictional requirement, and it held that use of the internet alone was insufficient. *Schaefer*, 501 F.3d at 1201.[1] Thus, *Salazar* is distinguishable and this court is not

---

[1] This court notes that Congress responded to *Schaefer* by amending the relevant
(continued...)

prepared to say that § 2255 is, as a matter of law, an inadequate remedy for Mr. Riccardi.

Given that Mr. Riccardi's motion is a § 2255 petition in substance, and given that it is his second such motion, this court must have authorization from the Tenth Circuit before proceeding to the merits.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for post-conviction relief (doc. 224) is transferred to the Tenth Circuit for consideration as a second or successive petition pursuant to 28 U.S.C. § 2255. The Clerk of the Court shall mail copies of the following documents to the United States Court of Appeals for the Tenth Circuit:

> Motion for Post-Conviction Relief (doc. 224)
> Government's Response to Defendant's Motion for Post-Conviction Relief (doc. 230)
> Mr. Riccardi's Reply (doc. 231)
> the 12/10/2009 Docket Annotation correcting a typographical error in the Reply[2]
> this Memorandum and Order.

**IT IS SO ORDERED** this 10th day of December, 2009.

---

(...continued)
statutory provision to make clear that an assumption that materials downloaded from the Internet traveled in interstate commerce would be tenable. *United States v. Swenson*, 335 Fed. App'x 751, 753 (10th Cir. 2009); Effective Child Pornography Prosecution Act of 2007 §102(7).

[2] The court is aware of Mr. Riccardi's phone call today to identify and correct a typographical error in his Reply. There is no need for Mr. Riccardi to file a Notice of Correction; the Docket Annotation is sufficient.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge