# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                                  Case No. 02-20060-01-JWL

**James Riccardi,**

    **Defendant.**

## MEMORANDUM & ORDER

In July 2019, defendant James Riccardi filed a pro se motion for order to appoint counsel and for discovery (doc. 238) based on his allegation that his Sixth Amendment rights were violated during the time that he was incarcerated at CCA Leavenworth Detention Center. These allegations were facially related to and stemmed from allegations made in a case pending before Judge Robinson of this District. Out of an abundance of caution, the court retained those issues under advisement pending a ruling by Judge Robinson in her case and, in doing so, expressed no opinion on the merits of any arguments asserted by the parties.

Thereafter, Judge Robinson issued an opinion in which she directed the parties to submit to her a list of pending "§ 2255 cases filed pursuant to Standing Rule 18-3 or otherwise raising Sixth Amendment claims related to the *Black* case" so that the Clerk of the Court could then reassign those cases to her. This court then ordered the government to advise the court whether it intended to include this case on its list of pending of cases submitted to Judge Robinson. The government, pursuant to this court's order, has notified the court that it does not believe that this case should be consolidated with the cases pending before Judge Robinson, in large part because

Mr. Riccardi's motion must be construed as an unauthorized successive § 2255 petition such that the court lacks jurisdiction to resolve it.

Having reviewed the parties' submissions, the court now denies in part and dismisses in part Mr. Riccardi's motion. To the extent Mr. Riccardi seeks the appointment of counsel, there is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). That aspect of the motion, then, is denied. To the extent he seeks discovery in this closed criminal case, there is no basis in the Federal Rules of Criminal Procedure that might authorize the court to grant that request in the absence of a pending § 2255 motion. *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018). Because the court lacks jurisdiction to consider that aspect of the motion seeking discovery, the court dismisses that part of the motion.

In his reply brief, Mr. Riccardi asserts that his motion may be construed as a motion for return of property under Federal Rule of Criminal Procedure Rule 41(g). But Mr. Riccardi's motion unquestionably seeks to collaterally attack his conviction based on alleged Sixth Amendment violations. The Circuit has held, albeit in an unpublished opinion, that a defendant may not collaterally attack his conviction through a post-conviction Rule 41(g) motion. *See United States v. Penry*, 515 Fed. Appx. 784, 789 (10th Cir. June 3, 2013) (affirming denial of Rule 41(g) motion where defendant sought to collaterally challenge circumstances surrounding search and seizure). Thus, even construing Mr. Riccardi's motion as one for relief under Rule 41(g), the court must deny that motion.

Finally, Mr. Riccardi is not entitled at this juncture to bring a collateral attack on his conviction under 28 U.S.C. § 2255 because any attempt to do so would constitute an unauthorized successive petition. In other words, the court cannot simply construe Mr. Riccardi's motion as a motion under § 2255 because the court would lack jurisdiction to consider that motion in any event. Thus, if Mr. Riccardi desires to pursue his Sixth Amendment allegations, he must seek authorization from the Circuit to file a successive § 2255 petition. 28 U.S.C. § 2255(h).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Riccardi's motion to appoint counsel and for discovery (doc. 238) is **denied in part and dismissed in part**.

**IT IS SO ORDERED.**

Dated this 25th day of October, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge