IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-20060-JWL |
| ) | |
| JAMES RICCARDI, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

James Riccardi was sentenced to 262 months imprisonment following his conviction for child pornography offenses. His conviction and sentence were affirmed on appeal. *United States v. Riccardi*, 405 F.3d 852 (10th Cir. 2005). This matter comes before the court on Mr. Riccardi's motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) (doc. 252). For the reasons set forth below, the court **denies** the motion.

As an initial matter, the court addresses one procedural issue relating to the motion. When Mr. Riccardi filed his motion, the court ordered the government to file a response to the motion by April 13, 2020. The government failed to file a response to the motion by that date. The court then entered an order requiring the government to show good cause in writing to the court why it failed to respond to defendant's motion in a timely fashion and requiring the government to file any response to the merits of Mr. Riccardi's motion. The

government filed a timely response to the court's order in which it asserts that counsel missed the deadline due to a mistaken belief that another prosecutor was handling the response to the motion. The court doubts whether the government has established good cause for its failure to file a timely response to Mr. Riccardi's motion. *See Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (simple inadvertence or mistake of counsel usually does not suffice to establish good cause). Nonetheless, because Mr. Riccardi has not established that he is entitled to relief in any event, no prejudice results from the court's acceptance of the government's belated response. Moreover, in denying Mr. Riccardi's motion, the court has not relied on any grounds set forth in the government's response to that motion.

The court turns, then, to the merits of Mr. Riccardi's motion. In his motion, Mr. Riccardi seeks the return of any and all audio recordings of private attorney-client telephone conversations between Mr. Riccardi and his trial counsel while he was incarcerated at CCA Leavenworth Detention Center between January 2003 and May 2003. He urges that he does not seek these recordings to collaterally attack his conviction. The record suggests otherwise. In July 2019, Mr. Riccardi filed a pro se motion for discovery based on his allegation that his Sixth Amendment rights were violated during the time that he was incarcerated at CCA Leavenworth Detention Center. The motion for discovery, like Mr. Riccardi's Rule 41(g) motion, sought any and all audio recordings of private attorney-client telephone conversations between Mr. Riccardi and his trial counsel while he was incarcerated at CCA Leavenworth Detention Center. In his reply brief to that motion, Mr. Riccardi asked the court to construe his motion for discovery as a motion for return of

property under Federal Rule of Criminal Procedure Rule 41(g). The court denied the motion because that motion unquestionably sought to collaterally attack his conviction based on alleged Sixth Amendment violations. The court noted that even if it construed the motion under Rule 41(g), it would necessarily deny the motion. *See United States v. Penry*, 515 Fed. Appx. 784, 789 (10th Cir. June 3, 2013) (affirming denial of Rule 41(g) motion where defendant sought to collaterally challenge circumstances surrounding search and seizure). Thus, to the extent it appears that Mr. Riccardi seeks to obtain audio recordings for the purpose of raising alleged Sixth Amendment violations, the motion is denied.

Mr. Riccardi suggests in his reply brief that he wants to obtain any audio recordings for the purpose of pursuing a claim of prosecutorial misconduct. A claim of prosecutorial misconduct is clearly a collateral challenge to his conviction and sentence that must be asserted in a § 2255 motion. Mr. Riccardi, however, is not entitled at this juncture to bring a collateral attack on his conviction under 28 U.S.C. § 2255 because any attempt to do so would constitute an unauthorized successive petition. In other words, the court cannot simply construe Mr. Riccardi's motion as a motion under § 2255 because the court would lack jurisdiction to consider that motion in any event. Thus, if Mr. Riccardi desires to pursue his prosecutorial misconduct claims, he must seek authorization from the Circuit to file a successive § 2255 petition. 28 U.S.C. § 2255(h).[1]

---

[1] The record reflects that Mr. Riccardi has filed a petition for authorization to file a successive petition arising from the court's order denying his motion for discovery. The Circuit has not yet ruled on that petition.

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) (doc. 252) is **denied**.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge
