IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-20060-JWL |
| ) | |
| JAMES RICCARDI, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 258). For the reasons set forth below, the court **grants** the motion. This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

**I.     Procedural History**

Defendant James Riccardi was tried before a jury and convicted on January 23, 2003, of two counts of possession of child pornography and two counts of use of an instrumentality of interstate commerce to entice a minor to engage in a prohibited sex act, in violation of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2422(b) respectively. The court sentenced the defendant to a total term of 262 months followed by three years of supervised release. His conviction and sentence were affirmed on appeal. *United States v. Riccardi*, 405 F.3d 852 (10th Cir. 2005). He is incarcerated at FCI Coleman Low, and his present projected release date is August 22, 2021.

**II.    Analysis**

The defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A). That statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* The government concedes that the defendant has exhausted his administrative remedies such that the court has jurisdiction to consider the motion on its merits.

The moving defendant bears the burden of establishing that "compassionate release" is warranted under Section 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases).

Section 3582(c)(1)(A) provides that a court may reduce a sentence if it finds, after considering applicable factors from Section 3553(a), that (a) extraordinary and compelling reasons warrant the reduction and (b) the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). To address this statutory provision, the Sentencing Commission promulgated the policy statement found at U.S.S.G. § 1B1.13, which adds the requirement that the defendant not be a danger to the safety of another person or the community. *See id.* In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist. *See id.* applic. note 1. In this case, the court looks to subdivision (D), known as the "catchall" provision, which provides as follows:

> **(D) Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id.* Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP). The BOP has made no such determination in this case. Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute. *See Jackson*, 2020 WL 2812764, at *3.

The defendant argues that extraordinary and compelling reasons for immediate release from prison exist because his age (60 years old), medical conditions (primarily diabetes and high blood pressure) and the conditions of his confinement create an increased risk of serious harm or death from the ongoing coronavirus pandemic. The government opposes the motion. It argues that the statute contemplates relief based on individual circumstances, and that the pandemic in itself is not a sufficient ground for general relief for the prison population. It also cites the general measures that the BOP has taken to address the virus in its facilities. It also notes that as of the filing of its response, FCI Coleman Low was reporting 0 inmates testing positive for COVID-19. As of today's date, however, the coronavirus page of the BOP's website indicates that 155 inmates at Coleman Low have active COVID-19 infections and only 3 inmates are "recovered." In addition, 18 staff members have active COVID-19 infections and only 2 staff members are "recovered."

The court concludes in its discretion, for the reasons set forth below, that extraordinary and compelling reasons do exist here to reduce defendant's sentence to effect his release from prison, given the elevated risk of harm from the virus created by his age, underlying health conditions and the conditions at his prison facility. First, defendant has established that he suffers from medical conditions that place him at an increased risk with respect to the COVID-19 coronavirus. Defendant is 60 years of age. The government does

4

not dispute that defendant has diabetes and high blood pressure (hypertension).[1]  In its most recent guidance, the CDC added hypertension to its list of conditions that may increase an individual's risk of severe illness from COVID-19.  *See* CDC, *Coronavirus Disease 2019 (COVID-19): People of Any Age with Underlying Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed July 24, 2020).  And while defendant does not indicate whether he has Type 1 or Type 2 diabetes, the CDC lists Type 2 diabetes as a condition that increases the risk of severe illness and lists Type 1 diabetes as a condition that may increase that risk.  *See id.*  Additionally, in multiple studies of patients with COVID-19, most patients who died had at least one comorbidity.  *See United States v. Pullen*, 2020 WL 4049899, at *5 (D. Kan. July 20, 2020).  Among the comorbidities, hypertension appeared frequently, indicating a strong relationship between hypertension and a patient's likelihood of developing a severe illness from COVID-19.  *See id.* (citing JAMA Internal Medicine, *Risk Factors Associated with Acute Respiratory Distress Syndrome and Death in Patients with Coronavirus Disease 2019 Pnuemonia in Wuhan, China*, https://jamanetwork.com/journals/jamainternalmedicine/fullarticle/2763184 (Mar. 13, 2020) (in a study of 201 infected patients, 84 developed acute respiratory distress syndrome (ARDS), and of those 84 with ARDS, 23 had hypertension compared to just 16 of 117 with hypertension who did not develop ARDS); The Lancet, *Are Patients with*

---

[1] The government argues that defendant's conditions do not satisfy circumstance (A) from the note to Guideline Section 1B1.13. But, as discussed above, defendant's conditions need not satisfy circumstance (A), as the court may find other extraordinary and compelling reasons warranting relief under subdivision (D)'s catchall provision.

*Hypertension and Diabetes Mullitus at Increased Risk for COVID-19 Infection?*, https://www.thelancet.com/journals/lanres/article/PIIS-2600(20)30116-8/fulltext (Mar. 11, 2020) (concluding that the most frequent comorbidities of patients with COVID-19 were diabetes, hypertension, and cerebrovascular disease)).

In addition to his underlying health conditions, defendant's risk is increased by what appears to be the early stages of an outbreak at his facility.  At the time the government filed its response to defendant's motion on June 17, 2020, there were no active cases among inmates at FCI Coleman Low.  Today, July 24, 2020, the coronavirus page of the BOP's website indicates that 155 inmates at Coleman Low have active COVID-19 infections and only 3 inmates are "recovered."  In addition, 18 staff members have active COVID-19 infections and only 2 staff members are "recovered."  This outbreak suggests that the BOP's preventative measures have not been successful at the facility. Defendant further argues that the conditions at the facility do not allow for continual social distancing.  The government does not discuss the conditions at this specific facility or particular measures taken there.  The combination of defendant's age, his underlying health conditions, which increase his risk of serious harm from the virus, and the recent outbreak at the facility, where it appears that measures to contain the virus have been ineffective, provides an extraordinary and compelling reason for relief in this case.

The policy statement in Guideline Section 1B1.13 requires that defendant not be a danger to the safety of another person or the community, and the court finds that this requirement is satisfied in this case.  The government does not argue that defendant's release presents any danger and the court notes that defendant is presently in a low-security

facility who is scheduled for release to a halfway house in just a few months. Finally, the applicable Section 3553(a) factors do not compel a contrary conclusion. Those factors are: (1) the nature of the offense and the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable Guideline sentence; and (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants. 18 U.S.C. § 3553(a)(1)-(6). To be sure, the nature of the defendant's offense is serious but the seriousness of that offense was reflected in the sentence that he received (the top of the guideline range) and has nearly completed. The defendant's incarceration for a period of approximately 206 months is sufficient to serve the goals of incapacitation, deterrence, retribution, and rehabilitation.

In summary, the court concludes in its discretion that extraordinary and compelling reasons warrant the reduction of the defendant's sentence to time served pursuant to Section 3582(c)(1)(A), and the defendant's motion is hereby granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 258) is hereby **granted**. The court reduces defendant's sentence to time served.

**IT IS FURTHER ORDERED BY THE COURT THAT** the defendant's previously imposed conditions of supervised release are modified to include the following additional conditions:

> You must reside in a residential reentry center for a term of up to 60 days in the prerelease component allowing for work release. You must comply with the policies and procedures of the residential re-entry center.

> You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

> You are permitted access to a computer and Internet services for legitimate and necessary purposes. You shall cooperate with and abide by the policies of the United States Probation Office's Computer and Internet Monitoring Program. This includes restrictions related to: computer and Internet usage, possession and use of electronic, cellular, gaming, and Internet appliance devices; possession and use of computer hardware and software, encryption hardware or software, and accessing certain types of web sites to include: social networking, chat rooms, and those depicting sexually explicit conduct or pornographic material. You will also be subject to computer monitoring and will provide the United States Probation Office with a complete inventory of all electronic and Internet capable devices, user account information as well as password(s). To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its

installation, and whether there have been attempts to circumvent the monitoring software after its installation. You shall pay the cost of Internet monitoring.

All previously-imposed terms and conditions of defendant's supervised release otherwise remain in effect.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge